UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARK N. HEAD | ) | Case No. 09-15856-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region Four ("U.S. Trustee") for an order requiring the debtor's attorney, Michael Lawrence Eisner, to show cause why he should not be held in civil contempt, and sanctions imposed, for failure to disclose all of his connections with parties in interest. An evidentiary hearing was held on May 25, 2010, at which the U.S. Trustee appeared by counsel and Mr. Eisner appeared in person. Although the court cannot find that the U.S. Trustee has established a basis for holding Mr. Eisner in civil contempt, the court does find that monetary sanctions are appropriate.

Background

The present motion grows out of Mr. Eisner's representation of two related debtors, Mark N. Head, and his wife, Stayce Head, in separate cases filed in this court. Mr. Eisner filed a chapter 11 petition in this court on Mr. Head's behalf on May 26, 2009, Case No. 09-14135-SSM, but that case was dismissed on June 16, 2009, for failure to file schedules. Mr. Eisner then filed a second chapter 11 petition for Mr. Head on July 23, 2009. On the petition, Mr. Eisner inserted "none" in the box provided for listing prior cases filed by the debtor within the last 8 years. On August 26, 2009, Mr. Eisner filed an application for employment as counsel for the

1

debtor in possession and a verified statement representing that, apart from having represented the debtor previously and being familiar with the debtor's financial affairs, he had no connections with the debtor, creditors, or any other party in interest.  In the application, he represented that he had received a retainer of $3,000.  On September 10, 2009, Mr. Eisner filed an amended application for employment as well as an amended petition, this time listing the debtor's prior chapter 11 petition.  No order was ever entered approving his employment.  Although a plan and disclosure statement were filed, the plan was not confirmed, and on March 11, 2010, the case was converted to chapter 7.  Following the conversion, Mr. Eisner filed a second amended petition which disclosed not only the prior chapter 11 filing by Mr. Head but also an intervening filing by the debtor's wife, Stayce Head,  Case No. 09-19100-SSM.   A report of no distribution was filed by the chapter 7 trustee on May 11, 2010.

The chapter 7 petition on behalf on Ms. Head was filed on November 4, 2009.  On the petition, Mr. Eisner entered "none" in the space provided for listing pending cases filed by any spouse, partner, or insider.  According to Mr. Eisner, Mr. Head had approached him in the first week of September 2009 regarding a potential filing for Ms. Head.  He further states that he met with both Mr. and Ms. Head on September 9, 2009, at which time Ms. Head signed the petition, schedules and statement of financial affairs. No joint debts were reported on the schedules.  For reasons that are unexplained, the petition was not actually filed until November 4, 2009, and the schedules and statement of financial affairs were not filed until November 19, 2009.  On the statement of financial affairs, the question asking for all payments concerning debt counseling, relief under bankruptcy law, or preparation of a petition in bankruptcy was answered "none," and the Disclosure of Compensation filed by Mr. Eisner reported that he had agreed to represent Ms.

Head for $2,000, none of which he had received prior to the filing of the petition. In any event, a report of no distribution was filed by the trustee on January 28, 2010, and Ms. Head received a discharge on February 17, 2010.

Discussion

A.

The U.S. Trustee asserts that Mr. Eisner's conduct in (a) initially failing to disclose the debtor's prior filing, (b) failing to amend his verified statement once he had agreed to represent the debtor's wife, and (c) failing to disclose the pending case by the debtor on the wife's petition justify holding Mr. Eisner "in civil contempt . . . for actions inconsistent with the rules of this court." As an initial matter, however, it is doubtful that mere failure to abide by procedural rules provides a basis for holding an attorney in civil contempt. The Fourth Circuit has explained that to establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid *decree* of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) ... that [the] movant suffered harm as a result.

*JTH Tax, Inc. v. H & R Block Eastern Tax Services, Inc.*, 359 F.3d 699, 705 (4th Cir. 2004) (emphasis added). Here, there is no evidence of any decree or order violated by the attorney. This case is thus distinguishable from *Burd v. Walters (In re Walters)*, 868 F.2d 665 (4th Cir. 1989), in which an attorney was held in civil contempt by a bankruptcy court for failure to comply with an order to disgorge fees. Although Mr. Eisner was certainly under a professional obligation to ensure that the petitions he filed correctly reflected any prior filings by the debtor

3

or pending cases by spouses, partners, or insiders, and to update any previously-filed statement of connections, such failure, although censurable, does not provide a basis for holding the errant attorney in civil contempt.

B.

But even if counsel's failings do not provide a basis for holding him in civil contempt, they may provide a basis for imposition of sanctions, either under Rule 9011 or the court's inherent power to regulate the conduct of attorneys appearing before it. The unexplained failure to disclose the prior filing by the debtor is particularly troubling, even though the lapse was ultimately corrected—albeit not until six weeks later—by the filing of an amended petition. The disclosure of prior and related filings is important in many ways to the administration of a bankruptcy case. A previous filing may determine whether a debtor is eligible for a discharge in a subsequent case. *See* §§ 727(a)(8), (9), 1328(f)(1), (2), Bankruptcy Code. It also determines whether the automatic stay is subject to early termination or even arises at all. § 362(c)(3), (4), Bankruptcy Code. On a more practical level, disclosure of a prior or related filing assists the clerk's office in assigning the new case to the same judge as a previous or related case. This is not, moreover, the first instance, in which Mr. Eisner has filed a petition that failed to disclose a prior filing by the debtor. *See In re OhPark,* No. 10-10194-SSM, 2010 WL 1930187 (Bankr. E.D. Va., May 12, 2010).

The failure to update the verified statement of connections once Mr. Eisner agreed to represent, and ultimately filed a chapter 7 petition for, the debtor's wife is likewise troubling, even though the underlying application for employment was never acted on, and the connection, if disclosed, would probably not have been disqualifying. The simple fact is that a professional

seeking employment by a trustee or debtor in possession must disclose all connections that may reasonably bear upon the propriety of the employment, so that determinations by the U.S. Trustee and creditors whether to object to the employment, and the determination by the court whether to approve it, are made based on complete and accurate knowledge.

Having considered all the facts and circumstances, the court determines that monetary sanctions are appropriate under the court's inherent power to regulate the conduct of attorneys appearing before it. A duty of candor to the court is among an attorney's most solemn obligations. That duty is breached even when a failure to disclose is negligent rather than a deliberate attempt to pull the wool over the court's eyes, although obviously lack of willfulness will be an important factor in determining the character and extent of any sanctions to be imposed.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion, to the extent it seeks to hold counsel in civil contempt, is denied; however sanctions are imposed against counsel under the court's inherent power to control the conduct of attorneys appearing before it, and Michael Lawrence Eisner shall pay to the clerk of court $750.00 as a monetary sanction within **30 days** of the entry of this order.

    2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Stephen S. Mitchell
Alexandria, Virginia　　　　　　　　　　　　United States Bankruptcy Judge


Copies to:

Michael Lawrence Eisner, Esquire
Oh & Eisner, PLLC
7619 Little River Turnpike
Ste. 200
Annandale, VA 22003
Counsel for the debtor

Mark N Head
11714 Lake Forest Drive
Reston, VA 20194
Debtor

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314

Robert O. Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee